Joshua D. Kienitz, Bar No. 244903
jkienitz@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:     925.932.2468
Fax No.:        925.946.9809

Daniel J. Rodriguez, Bar No. 341584
djrodriguez@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, California  94104
Telephone:     415.433.1940
Fax No.:        415.399.8490

Attorneys for Defendant
PACIFIC GAS & ELECTRIC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE JOLLY, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC GAS & ELECTRIC, and DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No.<br><br>[San Francisco Superior Court Case No. CGC-22-601023]<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

# TABLE OF CONTENTS

PAGE

I.     PROCEDURAL BACKGROUND .................................................................................... 1

II.    REMOVAL JURISDICTION ........................................................................................... 2

       A.     Venue Is Proper In This District. ............................................................................ 2

       B.     This Removal Is Timely ......................................................................................... 2

       C.     The Parties And The Union .................................................................................... 2

       D.     A Federal Question Exists. ..................................................................................... 3

III.   FACTUAL BACKGROUND ........................................................................................... 5

       A.     Plaintiff's Employment. .......................................................................................... 5

       B.     Pleaded Allegations Relevant To Removal And Federal Question ........................ 5

       C.     Relevant Collective Bargaining Agreement Provisions. ........................................ 7

IV.    FURTHER LEGAL DISCUSSION .................................................................................. 7

V.     NOTICE TO PLAINTIFF AND THE SUPERIOR COURT .......................................... 10

VI.    CONCLUSION ................................................................................................................ 10

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

ii

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

1

# TABLE OF AUTHORITIES

2

3
## Cases

4
*BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am.,*
5
    *IAMAW Dist. Lodge 4,*
    132 F.3d 824 (1st Cir. 1997) ....................................................3

6
*Breininger v. Sheet Metal Workers Intern. Ass'n Local Union No. 6,*
7
    493 U.S. 67 (1989) ....................................................3

8
*Brooks v. City of San Mateo,*
9
    229 F.3d 917 (9th Cir. 2000) ....................................................9

10
*Buscemi v. McDonnell Douglas Corp.,*
    736 F.2d 1348 (9th Cir. 1984) ....................................................8

11
*Carr v. Allied Waste Sys. of Alameda Cnty.,*
12
    2010 WL 4916433 (N.D. Cal. Nov. 23, 2010) ....................................................3, 4

13
*Cash v. Chevron Corp.,*
14
    1999 WL 1075151 (N.D. Cal. Oct. 4, 1999) ....................................................3, 4

15
*Chairman v. Fresh Fruit & Vegetable Workers Union,*
    1986 WL 5619, 121 LRRM 3262 (N.D. Cal. Feb. 19, 1986) ....................................................10

16
*Cook v. Lindsay Olive Growers,*
17
    911 F.2d 233 (9th Cir. 1990) ....................................................9

18
*De'Sart v. Pacific Gas and Electric Co.,*
19
    2018 WL 3545927 (C.D. Cal. Jul. 18, 2018) ....................................................9

20
*DelCostello v. International Broth. Of Teamsters,*
    462 U.S. 151 (1983) ....................................................3

21
*Ford Motor Co. v. Huffman,*
22
    345 U.S. 330 ....................................................3, 8

23
*Holmes v. Petrovich Development Co., LLC,*
    191 Cal. App. 4th 1047 (2011) ....................................................9

24
*Hughes v. Pair,*
25
    46 Cal.4th 1035 (2009) . Plaintiff's Second Cause of Action ....................................................8

26
*Hyles v. Mensing,*
27
    849 F.2d 1213 (9th Cir. 1988) ....................................................9

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

*Kiseskey v. Carpenters' Trust for So. California*,
  144 Cal.App.3d 222 (1983) ..................................................................8

*Kroeger v. L3 Techs., Inc.*,
  2018 WL 1357363 (C.D. Cal. Mar. 15, 2018) ..........................................9

*Miller v. AT&T Network Systems*,
  850 F.2d 543 (9th Cir. 1988) ................................................................9

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999)..............................................................................2

*Ortiz v. Permanente Med. Group, Inc.*,
  2013 WL 1748049 (N.D. Cal. Apr. 23, 2013) .........................................9

*Perugini v. Safeway Stores, Inc.*,
  935 F.2d 1083 (9th Cir. 1991) ..............................................................9

*Peterson v. Kennedy*,
  771 F.2d 1244 (9th Cir. 1985) ..............................................................4

*Robesky v. Qantas Empire Airways Ltd.*,
  573 F.2d 1082 (9th Cir. 1978) .........................................................4, 8

*Scott v. Machinists Auto. Trades Dist. Lodge No. 190 of N. California*,
  827 F.2d 589 (9th Cir. 1987) ........................................................3, 4, 9

*Shane v. Greyhound Lines, Inc.*,
  868 F.2d 1057 (9th Cir. 1989) ..............................................................9

*Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council*,
  322 F.3d 602 (9th Cir. 2003) ...........................................................3, 4

*Vaca v. Sipes*,
  386 U.S. 171 (1967)..........................................................................3, 8

*Wegscheid v. Local Union 2911, Intern. Union, United Auto., Aerospace and Agr.*
  *Implement Workers of America*,
  117 F.3d 986 (7th Cir.1997) .................................................................3

*Wise v. Solar Turbines, Inc.*,
  2014 WL 2573324 (S.D. Cal. June 9, 2014)............................................9

**Statutes**

28 U.S.C. § 84(a) ......................................................................................2

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

iv

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

# TABLE OF AUTHORITIES
(CONTINUED)

PAGE

28 U.S.C. § 1331 .................................................................................................................1

28 U.S.C. § 1367 .................................................................................................................4

28 U.S.C. § 1391 .................................................................................................................2

28 U.S.C. § 1441(a) .......................................................................................................1, 2

28 U.S.C. § 1446 .................................................................................................................1

28 U.S.C. § 1446(a) ............................................................................................................1

28 U.S.C. § 1446(b) ...........................................................................................................2

28 U.S.C. § 1446(d) .........................................................................................................10

29 U.S.C. § 152(2) .............................................................................................................2

29 U.S.C. §§ 152(5) and 185(a) ........................................................................................2

29 U.S.C. § 152(6) .............................................................................................................2

29 U.S.C. § 152(7) .............................................................................................................2

29 U.S.C. § 185(a) .............................................................................................................2

Gov. Code § 12940(a) ........................................................................................................1

Gov. Code, § 12940(k) .......................................................................................................1

Gov. Code, § 12940(m) ......................................................................................................1

Gov. Code, § 12940(n) .......................................................................................................1

Gov. Code § 12945.2(k) .....................................................................................................1

Section 301 of the Labor Management Relations Act .............................................4, 9, 10

LMRA .................................................................................................................................2

National Labor Relations Act ............................................................................................2

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

v

1    **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**
2    **CALIFORNIA, AND TO PLAINTIFF DAVE JOLLY:**

3    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant
4    PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") hereby removes the above-captioned action
5    from the Superior Court for the State of California, in and for the County of San Francisco to the
6    United States District Court, Northern District of California.  Removal is proper based on the existence
7    of a federal question, as further discussed below.

8    **I.    PROCEDURAL BACKGROUND**

9    On August 1, 2022, Plaintiff Dave Jolly ("Plaintiff") filed a Complaint in the Superior Court
10   of the State of California, County of San Francisco, which is captioned as follows: <u>Dave Jolly v. Pacific</u>
11   <u>Gas and Electric [Company], a Corporation</u>, Case No. CGC-22-601023. ("Complaint" or "Compl.").
12   The Complaint contains nine causes of action, alleging: (1) Wrongful Termination in Violation of
13   Public Policy; (2) Intentional Infliction of Emotional Distress; (3) Retaliation in Violation of CFRA
14   (Gov. Code § 12945.2(k)); (4) Retaliation in Violation of FEHA (Gov. Code § 12940(a)); (5) Failure
15   to Prevent Harassment, Discrimination, and Retaliation (Gov. Code, § 12940(k)); (6) Failure to
16   Provide Reasonable Accommodation (Gov. Code, § 12940(m)); (7) Failure to Engage in the
17   Interactive Process (Gov. Code, § 12940(n)); (8) Disability Discrimination in Violation of FEHA
18   (Gov. Code § 12940(a)); and (9) Constructive Termination in Violation of Public Policy (True and
19   correct copies of the Summons and Complaint are attached to the supporting Declaration of Daniel
20   Rodriguez ["Rodriguez Decl."] as **Exhibit 1**).

21   On September 13, 2022, PG&E was served with the Summons and Complaint.  True and
22   correct copies of the Proofs of Service for the Summons and Complaint are attached to the Rodriguez
23   Decl. as **Exhibit 2**.  On October 10, 2022, PG&E filed an Answer in state court.  (Rodriguez Decl.,
24   **Exh. 3**).

25   Pursuant to 28 U.S.C. § 1446(a), the referenced and provided Exhibits constitute all process,
26   pleadings, and orders served on Defendant, filed or received by Defendant, or filed and downloaded
27   from the San Francisco County Superior Court website in this action.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

1    **II.    REMOVAL JURISDICTION**

2        **A.        Venue Is Proper In This District.**

3        Plaintiff filed this action in the Superior Court of California, City and County of San

4    Francisco.  Therefore, pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), venue properly lies in this

5    district court.

6        **B.        This Removal Is Timely.**

7        Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it is within thirty 30 days

8    after PG&E received the summons and Complaint.  Service occurred on September 13, 2022.

9    (Rodriguez Decl., Exhibit 2).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344,

10    347-48, 354 (1999) (holding removal period is triggered by completed service of process).  This

11    removal is timely filed within 30 days thereafter.

12        **C.        The Parties And The Union**

13        Plaintiff was employed by PG&E in a classification that is part of the bargaining unit

14    represented by the International Brotherhood of Electrical Workers, Local 1245 ("IBEW" or

15    "Union").  (Declaration of Kathy Ledbetter ["Ledbetter Decl."] at ¶ 3).  Plaintiff recognizes both that

16    he is represented by the Union and that there exists a collective bargaining agreement ("CBA") that

17    includes a grievance procedure.  (*See* Compl. ¶¶ 8, 21 ["Plaintiff has complied with and/or exhausted

18    any applicable claims statutes and/or administrative and/or internal remedies and/or grievance

19    procedures"]; ["Plaintiff was relegated to communicating with Defendant through his Union

20    Business Representative, Mark McCrea.]").

21        PG&E is a company engaged in an industry affecting commerce within the meaning of the

22    National Labor Relations Act ("NLRA").  29 U.S.C. §§ 152(2), (6), (7), and 185(a).  The IBEW is a

23    labor organization under the NLRA and LMRA.  29 U.S.C. §§ 152(5) and 185(a).  PG&E and the

24    IBEW, at all relevant times, have been parties to a CBA.  A true and correct copy of the CBA in

25    effect during the last several years of Plaintiff's employment, and applicable to Plaintiff's

26    employment, along with the agreements to extend the CBA through 2025, are attached to the

27    Ledbetter Decl. as **Exhibit 4**.  (*See also* Defendant's Request for Judicial Notice ["RJN"] at ¶ 1).

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

2                    DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

1

**D.      A Federal Question Exists.**

2       This Court has jurisdiction because a federal question exists, namely, whether IBEW breached

3   its duty of fair representation by either (i) the content of the communication or (ii) the manner in which

4   Union Business Agent Mark McCrea allegedly informed Plaintiff that Plaintiff would be terminated

5   unless he resigned.  (*See* Compl, ¶¶ 21-23.)

6       The duty of a union to fairly represent the employees it represents, typically referred to as the

7   duty of fair representation ("DFR"), is a creature of federal law.  *See Simo v. Union of Needletrades,*

8   *Indus. & Textile Emps., Sw. Dist. Council*, 322 F.3d 602, 609-11 (9th Cir. 2003); *Breininger v. Sheet*

9   *Metal Workers Intern. Ass'n Local Union No. 6*, 493 U.S. 67, 79, 86-87 (1989); *Scott v. Machinists*

10  *Auto. Trades Dist. Lodge No. 190 of N. California*, 827 F.2d 589, 591 (9th Cir. 1987).

11      Accordingly, whether a union has breached the DFR is a federal question.  *See Carr v. Allied*

12  *Waste Sys. of Alameda Cnty.*, 2010 WL 4916433, *18 (N.D. Cal. Nov. 23, 2010) ("Because the duties

13  related to this representation are defined solely by federal law, the duty of fair representation is a

14  federal question."); *Cash v. Chevron Corp.*, 1999 WL 1075151, *1 (N.D. Cal. Oct. 4, 1999) (the DFR

15  is "defined solely by federal law"; "State law claims are preempted *whenever* a plaintiff's claim

16  invokes rights derived from a union's duty of fair representation") (internal citation and quotations

17  omitted; emphasis in original); *accord, e.g., BIW Deceived v. Loc. S6, Indus. Union of Marine &*

18  *Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824 (1st Cir. 1997) ("we hold that a

19  district court possesses federal question jurisdiction when a complaint, though garbed in state-law

20  raiment, sufficiently asserts a claim implicating the duty of fair representation"); *Wegscheid v. Local*

21  *Union 2911, Intern. Union, United Auto., Aerospace and Agr. Implement Workers of America,* 117

22  F.3d 986, 989 (7th Cir.1997) ("it is now settled that any suit to enforce a union's duty of fair

23  representation is within the federal-question jurisdiction of the federal courts").

24      The DFR obligates a union "to serve the interests of all members without hostility or

25  discrimination toward any, to exercise its discretion with complete good faith and honesty, and to

26  avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967); *accord DelCostello v. International*

27  *Broth. Of Teamsters*, 462 U.S. 151, 164, n.14 (1983) (same); *Ford Motor Co. v. Huffman*, 345 U.S.

28  330, 337 (1953 (unions' "statutory obligation to represent all members of an appropriate unit requires

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

3

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

them to make an honest effort to serve the interests of all of those members, without hostility to any"); *Carr*, *supra*, 1999 WL 1075151, *2 (claim that union refused to file grievance on plaintiff's behalf, withdrew the grievance plaintiff had filed himself, and refused to advance plaintiff's race and other discrimination claims, constituted allegation that union breached the DFR).

A union's conduct is arbitrary, in violation of the DFR, when the conduct is "egregious, unfair and unrelated to legitimate union interests." *Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985) (internal quotations omitted).  A union's conduct is in bad faith, in violation of the DFR, when the union lies to a represented employee or fails to disclose necessary and relevant information to a represented employee. *See Robesky v. Qantas Empire Airways Ltd.*, 573 F.2d 1082, 1086-87 (9th Cir. 1978) (union breached DFR by failing to tell employee that union had settled employee's grievance with company, before employee rejected company's offer of reinstatement, thus leaving the grievant/employee jobless).  A union's conduct is discriminatory if the union treats one represented employee more favorably than another, because of a legally protected characteristic, such as race or disability status.  *See Simo, supra*, 322 F.3d at 618 (9th Cir. 2003) (discrimination "based upon impermissible or immutable classifications such as race or other constitutionally protected categories" is prohibited by the DFR).

PG&E submits that all of Plaintiff's claims raise a federal question, because the alleged breach of the DFR (through the acts or omissions of Union Business Agent McCrea) is inextricably intertwined with all of Plaintiff's other claims.  In the alternative, for any of Plaintiff's claims that this Court holds do not raise a federal question, this Court has supplemental jurisdiction over the entire action because all claims in the Complaint are sufficiently related so as to form part of the same case or controversy.  *See* 28 U.S.C. § 1367; *Scott*, *supra*, 927 F.2d at 592 (holding, with respect to defamation claims and IIED claims brought in conjunction with claims preempted by Section 301 of the Labor Management Relations Act: "There can be no doubt that the claims were within the district court's supplemental jurisdictional power").

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

### III.    FACTUAL BACKGROUND

#### A.    Plaintiff's Employment.

Plaintiff began working for PG&E as a meter reader in 2002.  (Ledbetter Decl., ¶ 4).  Plaintiff most recently worked for PG&E as a Gas Compliance Representative from 2015 until his resignation in 2021.  (Ledbetter Decl., ¶ 4).  Throughout his time as a PG&E employee, Plaintiff has been in classifications within the IBEW-represented bargaining unit and therefore has been subject to the CBA.  (Ledbetter Decl., ¶ 4).  In chronological order, Plaintiff has been classified under the CBA as a: Meter Reader; Utility Worker – Gas Transmission and Distribution; Fieldperson; and Gas Compliance Representative.  (Ledbetter Decl., ¶ 4).

#### B.    Pleaded Allegations Relevant To Removal And Federal Question

Plaintiff worked for PG&E for 19 years.  (Compl. ¶ 13.)  He claims he was subjected to discrimination for all of those 19 years.  (Compl. ¶ 14 ["During Plaintiff's entire employment, he was subjected to discrimination because of his hearing impairment."].)  At some unspecified time during this 19-year period, Plaintiff claims that his supervisor told Plaintiff that the supervisor did not care about Plaintiff's hearing impairment.  (Compl., ¶¶ 14-15.)  The COVID-19 pandemic, related masking protocols, his pre-existing hearing impairment, and alleged diabetes and hypertension, combined to cause Plaintiff "great stress and depression" (presumably in or after March 2020, given the timing of the onset of the pandemic in the United States).  (Compl. ¶¶ 17-18.)  Plaintiff was granted medical leave in October 2020 and, as a non-exempt employee, was (unsurprisingly) not allowed to access work-related email while on leave.  (Compl., ¶¶ 19-20.)

Plaintiff resigned from PG&E on March 26, 2021.  (Compl. ¶ 24.)  Plaintiff communicated *exclusively* with his Union representative regarding, and prior to, his resignation.  "Plaintiff was relegated to communicating with Defendant through his Union Business Representative, Mark McCrea ... Plaintiff was still on leave when, through Mark McCrea, he was told that he either was being fired or force to resign in lieu of termination ... Plaintiff was not given a reason for the choice between being fired or to resign in lieu of termination."  (Compl, ¶¶ 21-23.)  Plaintiff does *not* allege that PG&E (including any agent of PG&E) told him that he would be fired, terminated him, told him

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

5                    DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

1    that he needed to resign, or communicated with him about anything, in or around March 2021.  (*See*

2    Compl., *passim*.)

3         Plaintiff's First Cause of Action, alleging wrongful termination in violation of public policy,

4    turns on the allegation that he "was asked to quit or be fired and decided to quit on March 26, 2021."

5    (Compl. ¶ 30.)  As noted above, only Union Representative McCrea (and not PG&E) is alleged to

6    have made this statement to Plaintiff.

7         Plaintiff's Second Cause of Action, alleging intentional infliction of emotional distress (IIED),

8    relies in substantial part on the alleged "threats to terminate Plaintiff," which Plaintiff claims were

9    "outrageous" in nature.   (Compl. ¶ 35.)   Those threats, again, are only alleged to have been

10   communicated by Union Representative McCrea (not by PG&E).  (Compl. ¶¶ 21-23.)

11        Plaintiff's Third Cause of Action, alleging retaliation in violation of the CFRA, relies on a

12   claim that Plaintiff was "discharged ... right before he came back from leave." (Compl. ¶ 40.)  Again,

13   however, Plaintiff resigned (Compl. ¶ 24.) and alleges only that Union Representative McCrea

14   communicated a threat to terminate Plaintiff.  (Compl. ¶¶ 21-23.)

15        Plaintiff's Fourth Cause of Action, alleging retaliation in violation of the FEHA, likewise relied

16   on a claim that Plaintiff was "terminated" (Compl. ¶ 45.), despite that (i) Plaintiff earlier concedes that

17   he resigned and (ii) only Union Representative McCrea is alleged to have communicated the threat of

18   termination.  (Compl. ¶¶ 21-24.)

19        Plaintiff's Sixth Cause of Action, alleging failure to provide a reasonable accommodation

20   under the FEHA, includes a claim that, instead of providing a reasonable accommodation, Defendant

21   "abruptly terminated him." (Compl. ¶ 58.) But Plaintiff resigned (Compl. ¶ 24.) and alleges only that

22   Union Representative McCrea communicated a threat to terminate Plaintiff.  (Compl. ¶¶ 21-23.)[1]

23        Plaintiff's Eighth Cause of Action, alleging disability discrimination under the FEHA,

24   similarly claims that he was terminated (Compl. ¶¶ 68-69.), notwithstanding that Plaintiff resigned

25   after receiving an alleged threat from Union Representative McCrea.  (Compl. ¶¶ 21-24.)

26

27   _____

     [1] The Sixth Cause of Action also alleges that "Ms. Lanier" was harmed by PG&E's alleged failure to
28   grant a reasonable accommodation; Defendant can only guess as to who Ms. Lanier is.  (Compl. ¶ 60.)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

6                        DEFENDANT'S NOTICE OF REMOVAL
                              TO FEDERAL COURT

Plaintiff's Ninth Cause of Action, alleging wrongful constructive termination, is premised on the claim that "Defendant told Plaintiff ... that he either would be fired or force[d] to resign in lieu of termination." (Compl. ¶ 72.) However, once again, the only pleaded facts regarding this alleged statement to Plaintiff (resign or be fired) are that this communication came *only* from Union Representative McCrea, and not from PG&E. (Compl. ¶¶ 21-24.)

### C.    Relevant Collective Bargaining Agreement Provisions.

The current CBA went into effect January 1, 2016, and was extended through 2025. (Ledbetter Decl., ¶ 3.) The CBA includes the following provisions:

> **1.2 [Non-Discrimination]** It is the policy of Company and Union not to discriminate, harass or allow the harassment of an employee or applicant for employment on the basis of race, color, religion, age (40 and over), sex, national origin, ancestry, physical or mental disability, medical condition, veteran status, marital status, pregnancy, sexual orientation, gender identity, registered domestic partner status, a request for family medical leave, any other category or status protected by law, or any other non-job related factor.

(*Id.* at Exh. 4, p. 1.)

> **4.5 [Grievances]** If any dispute arises under the provisions of this Title, it shall be referred directly to the appropriate Local Investigating Committee for determination under the grievance procedure provided for in this Agreement.

(*Id.* at Exh. 4, p. 5.)

> **7.1 [Management of Company]** The management of the Company and its business and the direction of its working forces are vested exclusively in Company, and this includes, but is not limited to, the following: to direct and supervise the work of its employees, to hire, promote, demote, transfer, suspend, and **discipline or discharge employees for just cause**….

(*Id.* at Exh. 4, p. 6.) (emphasis added.)

## IV.    FURTHER LEGAL DISCUSSION

As set forth in Section III(B) above, virtually all of Plaintiff's claims either involve or depend entirely upon what Union Representative McCrea allegedly said to Plaintiff, because this IBEW representative is the *only* person alleged to have communicated the alleged threat (resign or be fired) to Plaintiff.

Taking Plaintiff's Second Cause of Action as an example, the law is settled that the act of terminating, or threatening to terminate, an employee cannot itself constitute extreme or outrageous

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

7

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

conduct sufficient to state a claim for IIED.  *See, e.g., Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984) (holding allegation that employee was fired without cause and suffered emotional distress as a result does not support tort claim for IIED); *Hughes v. Pair*, 46 Cal.4th 1035, 1050–51 (2009) (IIED requires a defendant's conduct to be so "extreme as to exceed all bounds of that usually tolerated in a civilized community" and "intended to inflict injury or engaged in with the realization that injury will result").  Plaintiff's Second Cause of Action relies on the allegedly "outrageous ... threats to terminate Plaintiff" (Compl. ¶ 35), which threats are *only* alleged to have been communicated by Union Representative McCrea (and not by PG&E).  (Compl. ¶¶ 21-23.)  Accordingly, *if* Plaintiff can state or succeed on a claim for IIED, Plaintiff must show that there was something extreme or outrageous about the manner in which Union Representative McCrea communicated the alleged threat to Plaintiff, or in the content of Mr. McCrea's communication.

If Union Representative McCrea's communication to Plaintiff was outrageously hostile, then it might conceivably rise to the level of IIED.  *See, e.g.*, *Kiseskey v. Carpenters' Trust for So. California*, 144 Cal.App.3d 222, 229-30 (1983) (threats by union agents of physical violence, against plaintiff and plaintiff's family, sufficed to state an IIED claim).  Such a hostile communication (one that rose to the level of plausibly alleged IIED) by Union Representative McCrea would also be a breach of the DFR by the Union.  *See, e.g., Vaca*, 386 U.S. at 177; *Huffman*, 345 U.S. at 337 (union must not act out of hostility with respect to represented employees).  On the other hand, if what Union Representative McCrea allegedly told Plaintiff was false, *i.e.*, if Mr. McCrea was lying to Plaintiff and PG&E was not actually taking the position that Plaintiff must resign or be terminated, then this could also be a breach of the DFR by IBEW.  *See, e.g., Robesky v. Qantas Empire Airways Ltd.,* 573 F.2d 1082, 1086-87 (9th Cir. 1978) (union must not lie to, or withhold necessary information from, the employees it represents).  Either way, Plaintiff's Second Cause of Action directly raises the federal question of whether the IBEW breached the DFR through the statements of Mr. McCrea to Plaintiff.  Thus, this Court has jurisdiction.

Plaintiff's Ninth Cause of Action, alleging constructive termination, also directly raises a federal question of whether the DFR was breached through Union Representative McCrea's conduct when the alleged termination threat was communicated to Plaintiff.  Where, as here, Plaintiff

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

admittedly resigned his employment, demonstrating constructive discharge requires Plaintiff to meet a high bar, akin to the threshold burden for an IIED claim (*i.e.,* a greater showing than what would support a hostile work environment/harassment claim). *See Holmes v. Petrovich Development Co., LLC*, 191 Cal. App. 4th 1047, 1062 (2011) ("Where a Plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job"); *accord Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000). Since Plaintiff was on leave as of March 2021, had been on leave for several months by that time (since October 2020), and had been "relegated to communicating with Defendant through his Union Business Representative, Mark McCrea" (Compl. ¶ 21.), there cannot have been anything *about the workplace* that was so severe or pervasive to cause constructive discharge. Rather, Plaintiff resigned shortly after Mr. McCrea (and only Mr. McCrea of the IBEW) communicated the alleged threat. (Compl. ¶¶ 21-24.) If Mr. McCrea, in communicating this to Plaintiff, created an environment that was hostile enough to constitute the conditions required for constructive discharge, then the Union breached its DFR.

Notably, there is ample case law holding that IIED claims are preempted for union-represented employee plaintiff *where there are allegations made against <u>the employer</u> relating to the act of termination. See, e.g., Miller v. AT&T Network Systems*, 850 F.2d 543, 550-51 (9th Cir. 1988); *Wise v. Solar Turbines, Inc.*, 2014 WL 2573324, *3 (S.D. Cal. June 9, 2014) ("A plaintiff faces an 'uphill battle' when he attempts to avoid Section 301 preemption of an IIED claim"); *Ortiz v. Permanente Med. Group, Inc.*, 2013 WL 1748049, *7 (N.D. Cal. Apr. 23, 2013) (IIED "is not an independent, nonnegotiable standard of behavior. ... [I]t depends upon the relationship between [the parties] such that the terms of the CBA are relevant in evaluating the reasonableness or outrageousness of defendants' conduct").[2] But PG&E declines to further discuss this line of Section 301 preemption cases here, because the Complaint is devoid of factual allegations *against PG&E* that relate to the

---

[2] *Accord, e.g., Cook v. Lindsay Olive Growers*, 911 F.2d 233, 239-240 (9th Cir. 1990); *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1088 (9th Cir. 1991); *Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988); *Scott, supra*, 827 F.2d at 594; *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir. 1989); *De'Sart v. Pacific Gas and Electric Co.*, 2018 WL 3545927, *5 (C.D. Cal. Jul. 18, 2018); *Kroeger v. L3 Techs., Inc.*, 2018 WL 1357363, *11 (C.D. Cal. Mar. 15, 2018).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

9                              DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

1   communication of the alleged threat of termination or the claim that Plaintiff's circumstances were so

2   severely hostile in March 2021 that he was forced to resign.  Rather, as discussed above, the entirety

3   of the (scant) factual allegations in the Complaint that relate in any way to an IIED or constructive

4   discharge claim are made solely against Union Representative McCrea.  The potential application of

5   Section 301 preemption (in addition) does not change the fact that this Court has jurisdiction due to

6   the presence of the federal DFR question.  *Cf. Chairman v. Fresh Fruit & Vegetable Workers Union,*

7   1986 WL 5619, *3, 121 LRRM 3262, (N.D. Cal. Feb. 19, 1986) (federal courts have jurisdiction over

8   DFR claims even in the absence of a CBA).

9   **V.    NOTICE TO PLAINTIFF AND THE SUPERIOR COURT**

10          As required by 28 U.S.C. § 1446(d), PG&E will provide Plaintiff with prompt written notice

11  of the Removal of the State Court Action.  Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a

12  copy of this Notice of Removal with the San Francisco Superior Court.

13  **VI.   CONCLUSION**

14          For the reasons provided herein, Defendant hereby removes this action from the California

15  Superior Court, in and for the County of San Francisco, to the United States District Court, Northern

16  District of California.  Defendant respectfully requests that this Court retain jurisdiction for all further

17  proceedings.

18

19  Dated: October 12, 2022

20                                                  LITTLER MENDELSON, P.C.

21

22                                                  _____
                                                    Joshua D. Kienitz
23                                                  Daniel J. Rodriguez

24                                                  Attorneys for Defendant
                                                    PACIFIC GAS & ELECTRIC
25

26  4871-4267-7558.3 / 101443-1125

27

28