UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE JOLLY,<br><br>            Plaintiff,<br><br>     v.<br><br>PACIFIC GAS & ELECTRIC,<br><br>            Defendant. | Case No. 22-cv-06005-SK<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Regarding Docket No. 12 |

This matter comes before the Court upon consideration of the motion to remand filed by Plaintiff Dave Jolly. The Court finds the motion suitable for disposition without oral argument and, thus, VACATES the hearing scheduled for January 9, 2023. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Plaintiff's motion for remand for the reasons set forth below.

## BACKGROUND

Plaintiff filed this action against Defendant Pacific Gas & Electric (PG&E), his former employer. Plaintiff alleges that he worked for PG&E for 19 years and that PG&E discriminated against him because he has a hearing impairment and other medical conditions. (Dkt. No. 1-1 (Compl.), ¶¶ 10-13.) Plaintiff was on medical leave from October 2020 until March 2021. (*Id*., ¶ 19.) While Plaintiff was on medical leave, Defendant blocked him from receiving his work emails. (*Id*., ¶ 20.) "Plaintiff was relegated to communicating with Defendant through his Union Business Representative, Mark McCrea." (*Id*., ¶ 21.) Through his Union Business Representative, Plaintiff was told that he had a choice of resigning or being fired. (*Id*., ¶ 22.) "Plaintiff felt he had no choice and resigned March 26, 2021." (*Id*., ¶ 24.)

Based on these allegations, Plaintiff brings claims for wrongful termination in violation of public policy, intentional infliction of emotional distress, retaliation for taking medical leave,

claims under California's Fair Employment and Housing Act ("FEHA"), and constructive termination in violation of public policy. Defendant removed this action on the grounds that Plaintiff alleges a breach of the duty of fair representation, a claim that arises under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*. (Dkt. No. 1 (Notice of Removal).) Plaintiff now moves to remand this action back to San Francisco County Superior Court.

**ANALYSIS**

**A.        Legal Standards on Motion to Remand.**

[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. To determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117. It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes and

empowers the plaintiff as the master of his or her claim.  *Id*.  "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id*.  Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd.*, 463 U.S. at 27-28.

"It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue."  *Caterpillar,* 482 U.S. at 393 (emphasis in original).  While a defense of preemption, also known as "ordinary preemption," is insufficient to demonstrate removal jurisdiction, "complete preemption," however, which is a corollary to the well-pleaded complaint rule, would be a sufficient basis for removal.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).  Under the complete preemption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Rains*, 80 F.3d at 344.

**B.      Plaintiff's Motion to Remand.**

"The federal statutory duty which unions owe their members to represent them . . . displaces state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative."  *Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008).  However, Plaintiff does not allege any breach of his union's duties to him.  He merely alleges that his employer, PG&E, communicated with him through his union representative.  In other words, his union representative was only the messenger.  Plaintiff does not bring any claims related to his union representative's role.  His claims are limited to his allegations of employment discrimination and retaliation by PG&E.  Therefore, the Court finds that his state-law claims are not preempted and GRANTS Plaintiff's motion to remand.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and

3

REMANDS this action to the San Francisco Superior Court.  The Clerk is directed to transfer the file.

**IT IS SO ORDERED**.

Dated: January 4, 2023

_____
SALLIE KIM
United States Magistrate Judge